## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF INDIANA
## INDIANAPOLIS DIVISION

| | |
|---|---|
| GEORGE PAT ALTIZER, et al.,        ) | |
|                                                               ) | |
|    **Plaintiffs,**                                     ) | |
|                                                               ) | |
|        vs.                                                 ) | CAUSE NO.  1:14-cv-31-WTL-TAB |
|                                                               ) | |
| **OFFICER JOHN ROBERT**         ) | |
| **RETHERFORD, et al.,**              ) | |
|                                                               ) | |
|    **Defendants.**                                  ) | |

### ENTRY ON DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

This cause is before the Court on the Defendants' Motion for Summary Judgment (Dkt. No. 25).  The motion is fully briefed, and the Court, being duly advised, **GRANTS IN PART and DENIES IN PART** the motion for the reasons set forth below.[1]

### I.    STANDARD

Federal Rule of Civil Procedure 56(a) provides that summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  In ruling on a motion for summary judgment, the admissible evidence presented by the non-moving party must be believed and all reasonable inferences must be drawn in the non-movant's favor.  *Hemsworth v. Quotesmith.com, Inc.*, 476 F.3d 487, 490 (7th Cir. 2007); *Zerante v. DeLuca*, 555 F.3d 582, 584 (7th Cir. 2009) ("We view the record in the light most favorable to the nonmoving party and draw all reasonable inferences in that party's favor.").  However, "[a] party who bears the burden of proof on a particular issue may not rest on its pleadings, but must affirmatively demonstrate, by specific factual allegations,

---

[1] The Plaintiffs' motion for leave to file a surreply (Dkt. No. 34) is **GRANTED**.  **The Clerk is DIRECTED to docket the surreply, found at Docket. No. 34-1.**

that there is a genuine issue of material fact that requires trial." *Id.* Finally, the non-moving party bears the burden of specifically identifying the relevant evidence of record, and "the court is not required to scour the record in search of evidence to defeat a motion for summary judgment." *Ritchie v. Glidden Co.*, 242 F.3d 713, 723 (7th Cir. 2001).

## II.   BACKGROUND

The facts that follow are those taken in the light most favorable to the Plaintiffs.

On November 14, 2012, Plaintiffs George and Jamie Altizer were at their home in Richmond, Indiana. At some point during the evening, Mr. Altizer's daughter's boyfriend came to the home. Mr. Altizer and the boyfriend got into a loud argument both inside and outside the home, and, due to the noise, a concerned neighbor called the police.

Defendant Officers Heather Edwards and Charles Irvin responded to the scene. While they were inside discussing the incident with Mr. and Mrs. Altizer, Mr. Altizer passed out and struck his head; he then began to vomit.[2] The officers promptly called for an ambulance.

When the ambulance arrived, the paramedics strapped Mr. Altizer to a gurney and took him to Reid Hospital. During the trip, Mr. Altizer grew uncooperative and attempted to loosen the restraints; the officers thus handcuffed him to the gurney.

Mr. Altizer was taken to the emergency room at Reid Hospital; Defendant Officer John Robert Retherford was at Reid Hospital at that time. When Mr. Altizer arrived, he was screaming and yelling. He was transferred from the gurney to a hospital bed and his hands were handcuffed to that bed. A nurse took Mr. Altizer's vitals and attempted to remove his pants. Mr. Altizer then kicked a nurse, and several people restrained Mr. Altizer's legs by holding them down. Officer Retherford then punched Mr. Altizer in the face three or four times. Mr. Altizer

---

[2] Mr. Altizer had an adverse reaction due to mixing alcohol with his heart medications.

2

suffered injuries to his nose as a result of the punches, and Mrs. Altizer observed Mr. Altizer's injuries.

Mr. Altizer was eventually arrested and booked at the Wayne County Jail; however, no charges were ever filed against him.

On January 10, 2014, Mr. and Mrs. Altizer filed a lawsuit in this Court against Officers Retherford, Edwards, and Irvin, and the City of Richmond, Indiana. Their Complaint (Dkt. No. 1) alleges nine counts: 1) Count One is a 42 U.S.C. § 1983 claim for excessive force against Officer Retherford; 2) Count Two is a 42 U.S.C. § 1983 claim for failure to intervene against Officers Edwards and Irvin; 3) Count Three is a 42 U.S.C. § 1983 claim for unlawful arrest against Officers Retherford, Edwards, and Irvin; 4) Count Four is a *Monell* claim against the City of Richmond; 5) Count Five is a claim for assault and battery under Indiana law against Officer Retherford and the City of Richmond; 6) Count Six is a claim for false arrest and false imprisonment under Indiana law against Officers Retherford, Edwards, and Irvin, and the City of Richmond; 7) Count Seven is a claim for intentional infliction of emotional distress ("IIED") under Indiana law against Officers Retherford, Edwards, and Irvin, and the City of Richmond; 8) Count Eight is a claim for negligent infliction of emotional distress ("NIED") under Indiana law against Officers Retherford, Edwards, and Irvin, and the City of Richmond; and 9) Count Nine is a claim for negligence under Indiana law against Officers Retherford, Edwards, and Irvin, and the City of Richmond.

### III. <u>DISCUSSION</u>[3]

#### A. Excessive Force Against Officer Retherford

Count One of the Plaintiffs' Complaint alleges that Officer Retherford used excessive force against Mr. Altizer. Officer Retherford argues that he is entitled to qualified immunity. "Qualified immunity shields a government official from liability for civil damages unless his or her conduct violates a clearly established principle or constitutional right of which a reasonable person would have known at the time." *Betker v. Gomez*, 692 F.3d 854, 860 (7th Cir. 2012) (citations omitted). In determining whether a defendant is entitled to qualified immunity, courts must determine: "(1) whether the facts, taken in the light most favorable to the plaintiff, show that the defendant[] violated a constitutional right; and (2) whether that constitutional right was clearly established at the time of the alleged violation." *McComas v. Brickley*, 673 F.3d 722, 725 (7th Cir. 2012).

"An officer's use of force is unreasonable from a constitutional point of view if, judging from the totality of the circumstances at the time of the arrest, the officer used greater force than was reasonably necessary to make the arrest." *Gonzalez v. City of Elgin*, 578 F.3d 526, 539 (7th Cir. 2009). According to Officer Retherford, after Mr. Altizer kicked the nurse, he continued to "flail[] about" despite attempts by those in the room to restrain his legs. Defs.' Br. at 5. Officer Retherford claims he punched Mr. Altizer in an effort to restrain him and prevent him from kicking (or otherwise harming) another person.

Mr. Altizer, however, "asserts that his legs were restrained at the time of the beating." Pl.'s Br. at 6; *see also id*. at 10 ("[Mr.] Altizer's leg movements were separately brought under

---

[3] The Plaintiffs' motion to accept filings (Dkt. No. 32) is **GRANTED**. The Court notes, however, that "[a] prudent litigant or lawyer must allow time for difficulties on the filer's end." *Justice v. Town of Cicero, Ill.*, 682 F.3d 662, 665 (7th Cir. 2012).

control by other reasonable means."). He claims, therefore, that both of his hands were handcuffed and his legs were restrained at the time he was punched. Under Mr. Altizer's version of events, therefore, it is questionable whether Officer Retherford's punches were reasonable.

As to the second prong of the qualified immunity analysis, the Court notes that "[a] Government official's conduct violates clearly established law when, at the time of the challenged conduct, '[t]he contours of [a] right [are] sufficiently clear' that every 'reasonable official would have understood that what he is doing violates that right.'" *Ashcroft v. Al-Kidd*, 131 S. Ct. 2074, 2083 (2011) (quoting *Anderson v. Creighton*, 483 U.S. 635, 640 (1987)). A case directly on point is not required, "but precedent must have placed the statutory or constitutional question beyond debate." *Ashcroft*, 131 S. Ct. at 2083. It was, of course, clearly established at the time these events took place that a police officer could not use excessive force in arresting someone. *See, e.g.*, *Holmes v. Vill. of Hoffman Estate*, 511 F.3d 673, 687 (7th Cir. 2007) ("[I]t was of course clearly established that a police officer may not use excessive force in arresting an individual."); *Clash v. Beatty*, 77 F.3d 1045, 1048 (7th Cir. 1996) ("It is clear . . . that police officers do not have the right to shove, push, or otherwise assault innocent citizens without any provocation whatsoever.").

Because there are competing versions of what occurred at Reid Hospital, and the Court must view the facts in the light most favorable to Mr. Altizer, the Court is unable to find that Officer Retherford is entitled to qualified immunity with regard to Mr. Altizer's excessive force claim. As such, the Defendants' motion for summary judgment is **DENIED** as to Count One.[4]

---

[4] Because the Court did not rely on the expert report submitted by the Defendants, it need not address the Plaintiffs' objections to it. *See* Dkt. No. 30 (objecting to the conclusions drawn by the expert and his qualifications). If the Plaintiffs continue to object to the expert and his report, they should timely file a *Daubert* motion.

### B. Failure to Intervene

Count Two of the Plaintiffs' Complaint alleges that "Officers Edwards and Irvin failed to intervene, prevent, or lesson" the punches Mr. Altizer received from Officer Retherford. Compl. ¶ 65.

> An officer who is present and fails to intervene to prevent other law enforcement officers from infringing the constitutional rights of citizens is liable under § 1983 if that officer had reason to know:  (1) that excessive force was being used, (2) that a citizen has been unjustifiably arrested, or (3) that any constitutional violation has been committed by a law enforcement official; *and* the officer had a realistic opportunity to intervene to prevent the harm from occurring.

*Yang v. Hardin*, 37 F.3d 282, 285 (7th Cir. 1994).  Officers Edwards and Irvin argue that they did not "have a reasonable and realistic opportunity to stop any of the" punches because the events in question occurred in approximately "three seconds." Defs.' Br. at 9.  In response, the Plaintiffs argue that Officer "Retherford's actions created the danger giving rise to an obligation on the part of the other two officers to step in and prevent the harm.  The other officers failed and/or refused to do so, which resulted in a great harm to the Plaintiff George Altizer." Pls.' Resp. at 12.  The Plaintiffs have wholly failed to designate any evidence showing that Officers Edwards and Irvin had a realistic opportunity to intervene. *See Johnson v. Cambridge Indus., Inc.*, 325 F.3d 892, 901 (7th Cir. 2003) ("[S]ummary judgment is the put up or shut up moment in a lawsuit, when a party must show what evidence it has that would convince a trier of fact to accept its version of events.") (internal quotation marks omitted).  Accordingly, the Defendants' motion for summary judgment is **GRANTED** as to Count Two.

### C. Unlawful Arrest/False Imprisonment/False Arrest (Indiana and Federal Law)

Count Three of the Plaintiffs' Complaint alleges that Mr. Altizer was unlawfully seized, arrested, and detained without probable cause or a warrant, in violation of federal law. Compl. ¶¶ 72-74.  Count Six of the Plaintiffs' Complaint alleges that Mr. Altizer was falsely imprisoned

and arrested without probable cause, in violation of Indiana law. *Id*. ¶¶ 95-97. The Defendants argue that probable cause existed for Mr. Altizer's arrest because it is undisputed that Mr. Atlizer kicked a nurse in the ribs. The Court agrees with the Defendants that probable cause existed for Mr. Altizer; he committed battery under Indiana law. *See* Ind. Code § 35-42-2-1(b) ("[A] person who knowingly or intentionally touches another person in a rude, insolent, or angry manner . . . commits battery[.]"). Moreover, Mr. Altizer failed to address this issue in his response.[5] Accordingly, the Defendants' motion for summary judgment is **GRANTED** as to Counts Three and Six.

### D. *Monell* Claim

Count Four of the Plaintiffs' Complaint is a *Monell* claim brought against the City of Richmond. A municipality may be liable under § 1983 "if the unconstitutional act complained of is caused by: (1) an official policy adopted and promulgated by its officers; (2) a governmental practice or custom that, although not officially authorized, is widespread and well settled; or (3) an official with final policy-making authority." *Thomas v. Cook Cnty. Sheriff's Dep't*, 604 F.3d 293, 303 (7th Cir. 2010) (citing *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978)). The Plaintiffs' Complaint alleges a plethora of policies or customs; however, in their response, they argue that the City of Richmond is liable due to its "failure to train" its police officers. *See* Compl. ¶ 84 (alleging that the City of Richmond "as a matter of custom, policy, and practice failed to adequately train and discipline its police officers for other similar instances of excessive force as that suffered by George Altizer").

---

[5] It is unclear from the Plaintiffs' Complaint if they also allege that Mr. Altizer's transportation to and detention at Reid Hospital was unlawful. Nevertheless, summary judgment was the time for the Plaintiffs to present evidence to support this claim, assuming it was encompassed by their Complaint.

In *Canton, Ohio v. Harris*, the Supreme Court held that a municipality's failure to train its employees could be considered an actionable custom or policy under § 1983 when the failure to train in a relevant respect demonstrates a deliberate indifference to its inhabitants' rights. 489 U.S. 378, 388 (1989). Deliberate indifference can be established by showing that the municipality either "fails to train its employees to handle a recurring situation that presents an obvious potential for a constitutional violation and this failure to train results in a constitutional violation" or "fails to provide further training after learning of a pattern of constitutional violations by the [employees]." *Dunn v. City of Elgin, Illinois*, 347 F.3d 641, 646 (7th Cir. 2003) (citations omitted).

In support of their claim, the Plaintiffs argue as follow: "In this case, there is a repeated pattern of Constitutional violations and indifference to citizens. These violations resulted in great harm to George Altizer and the other citizens referenced in the separate lawsuits." Pls.' Resp. at 13. Specifically, the Plaintiffs direct the Court to two other incidents involving Richmond police officers. The first involves an officer who was demoted after he left a person handcuffed to a hospital bed at Reid Hospital. *See* Dkt. No. 31-10. The second involves an arrestee who was attacked by a police dog; Officer Irvin was involved in this incident. *See* Dkt. No. 31-11.[6] The Court disagrees with the Plaintiffs that this evidence is sufficient to withstand summary judgment on their *Monell* claim.

These incidents, coupled with Mr. Alitzer's incident, simply do not illustrate a "recurring situation that presents an obvious potential for constitutional violation[.]" The incidents are

---

[6] The Defendants object and move to strike both of these exhibits for a myriad of reasons. *See* Defs.' Reply at 3-4. Because the Court has considered both of them and still finds that summary judgment is warranted for the Defendants on this count, the Court need not address these arguments further. That said, if the Defendants believe this evidence would also be inadmissible at trial, they should file an appropriate pretrial motion.

wholly unrelated to each other and do not create a "pattern" of officers using excessive force that should have been obvious to the City of Richmond. To begin, it appears to the Court that the dog biting incident was an accident. *See* Dkt. No. 31-15, Irvin Dep. at 10 ("I grabbed a hold of him and pulled him outside so we could get entry into the house. He tried to spin and pull away from me, so we went to the ground. And at that time I did not realize that the dog was so close, and the dog bit him as he was falling."). There is nothing to suggest from the evidence submitted by the Plaintiffs that the officers involved intentionally inflicted excessive force in the form of a dog bite on the arrestee; they simply may have been careless in allowing the dog to be in such close contact with the person. The same rings true with the handcuffing incident; from the evidence submitted by the Plaintiffs, it appears the officer forgot he had handcuffed the person to the Hospital bed when he returned to duty, and it is also unclear how this incident would be considered a use of excessive force. Moreover, the officer was demoted for his actions.

The Plaintiffs offer no evidence regarding the particulars of the training or discipline of the City of Richmond's police officers, much less evidence that would permit a reasonable jury to conclude "that such training, supervision, and discipline are so obviously inadequate as to result in the violation of constitutional rights." *Edwards v. Two Unknown Male Chicago Police Officers*, 623 F. Supp. 2d 940, 952 (N.D. Ill. 2009). Simply put, the Plaintiffs have failed to demonstrate a failure on the part of the City of Richmond to train its officers. *See Connick v. Thompson*, 131 S. Ct. 1350, 1360 (2011) ("A pattern of *similar* constitutional violations by untrained employees is ordinarily necessary to demonstrate deliberate indifference for purposes of failure to train.") (internal quotation marks omitted) (emphasis added); *see also Jenkins v. Bartlett*, 487 F.3d 482, 492 (7th Cir. 2007) ("A *repeated pattern* of constitutional violations makes the need for further training . . . plainly obvious to the city policymakers.") (internal

quotation marks omitted) (emphasis added). Accordingly, the Defendants' motion for summary judgment on Count Four is **GRANTED**.

### E.  Remaining State Law Claims

The Defendants also move for summary judgment on the Plaintiffs' remaining state law claims for assault and battery, IIED, NIED, and negligence against the Defendants individually and the City of Richmond under the doctrine of *respondeat superior*. The Plaintiffs fail to address these claims at all in their response. Accordingly, the Court finds that they have abandoned these claims, and **GRANTS** summary judgment as to all Defendants on Counts Five, Seven, Eight, and Nine. *See Palmer v. Marion Cnty.*, 327 F.3d 588, 597 (7th Cir. 2003) ("[B]ecause Palmer failed to delineate his negligence claim in his district court brief in opposition to summary judgment or in his brief to this Court, his negligence claim is deemed abandoned."); *Bombard v. Fort Wayne Newspapers, Inc.*, 92 F.3d 560, 562, n. 2 (7th Cir. 1996) ("Bombard abandoned his FMLA claim after failing to respond to the FMLA arguments in FWN's motion for summary judgment.").

### IV.  CONCLUSION

For clarity's sake, the Court has resolved the motions as set forth below:

- The Defendants' Motion for Summary Judgment (Dkt. No. 25) is **GRANTED IN PART and DENIED IN PART**. Only George Pat Altizer's excessive force claim against Officer Retherford (Count One) remains pending for trial. **The parties are reminded of their pretrial preparation deadlines contained in Docket No. 9.**

- Plaintiff Jamie Altizer has no claims left pending in this cause; she is **DISMISSED** from this case.[7] No claims remain pending against Defendants Officer Heather Edwards, Officer Charles Irvin, or the City of Richmond; they are also **DISMISSED** from this case.

- The Plaintiffs' motion to accept filings (Dkt. No. 32) is **GRANTED**.

---

[7] Mrs. Altizer's only claims were for IIED and NIED. *See* Compl. at 17-19.

10

- The Plaintiffs' motion for leave to file a surreply (Dkt. No. 34) is **GRANTED**. **The Clerk is DIRECTED to docket the surreply, found at Docket. No. 34-1.**

SO ORDERED: 6/22/15

*William T Lawrence*

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Copies to all counsel of record via electronic notification