UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| GEORGE PAT ALTIZER | ) | |
| | ) | |
| | ) | |
| *Plaintiff,* | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| OFFICER JOHN ROBERT | ) | Civil Action No. 1:14-cv-31-WTL-TAB |
| RETHERFORD (RET.), in his individual | ) | |
| capacity; | ) | |
| | ) | |
| *Defendant.* | ) | |
| | ) | |

## DEFENDANTS' RESPONSE TO THE PLAINTIFF'S MOTION IN LIMINE

### Prefatory Remarks

The Plaintiff has sought to prohibit the use of the Defendants' expert's reliance upon exhibits produced in discovery and further has argued in opposition to the expert's opinions. The Plaintiff has not submitted any contrary opinions from an expert.

## I. Defendants' Expert Report Comports with the Requirements of Federal Rule 26

Expert witnesses are integral to defending lawsuits, and it is not uncommon for a case to rise or fall on the testimony of a single expert. The bedrock for any expert opinion is the written report because it sets forth the expert's opinions and provides the framework for cross-examination. Accordingly, the appropriateness of substituting a scattershot Motion in Limine for a cross-exam of the expert at trial is unwarranted.

In 1993, the Supreme Court amended Federal Rule 26 to expand significantly the scope of expert discovery, and the rule now requires a party to provide a detailed report "prepared" and signed by each expert witness that the party may call to testify during a trial. Fed R. Civ.

P.26(a)(2)(B)(requiring a "written report-prepared and signed by the witness" containing (i) all opinions the witness will express and the basis and reasons for them; (ii) the facts or data considered by the expert; (iii) any exhibits relied upon; (iv) the expert's' qualifications and a list of publications; (v) a list of cases where the expert testified; and (vi) a statement of the compensation).

A party receiving an adversary's expert's signed report has a right to rely upon the document for what it purports to be- the expert's considered analysis of facts and statement of opinions applying the expert's special education, training and experience.  Experts participate in a case because, ultimately, the trier of fact will be assisted by their opinions…. They do not participate as the alter-ego of the attorney who will be trying the case.  *Occulto v. Adamar of New Jersey, Inc., 125 F.R.D. 611, 615-16 (D.N.J. 1989).*

## II.     Seventh Circuit View on Use of Expert Reports

Similar to the other Circuits of Appeals, the Seventh Circuit liberally admits expert testimony.  These circuits have articulated the view that any fault in an expert's methodology affects the weight of the expert's opinions, not their admissibility.

Therefore, the Motion in Limine is inappropriate.

In *Manpower, Inc. v. Insurance Co. of Pennsylvania*, 732 F.3d 796 (7th Cir. 2013), the district court excluded a forensic accounting expert who had been designated to testify regarding the insured's claim for business interruption loss in an insurance coverage matter.  At the close of discovery, the carrier moved in *limine* to exclude the expert's opinion, arguing that it was not the product of a reliable methodology. *Id.* at 801.  The district court reasoned, in excluding the expert's opinion, that whether the calculations were reliable "turns on whether [the expert] used reliable methods when selecting the numbers used in his calculations − specifically, projected total

revenues and projected total expenses." *Id.* The Seventh Circuit reversed the district court and noted that the expert's opinion "although not bulletproof," was "sufficiently reliable to present to a jury" and that "in excluding [his] opinion, the district court exercised its gatekeeping role under *Daubert* with too much vigor." *Id.* at 805.

In reversing the district court in *Manpower, Inc.* and holding that the expert should be permitted to testify before a jury, the Seventh Circuit recognized that trial courts have "considerable leeway in deciding in a particular case how to go about determining whether particular expert testimony is reliable." It further noted that reliability is determined by the "validity of the methodology employed by an expert, not the quality of the data used in applying the methodology or the conclusions produced." *Id.* at 806 (quoting *Kumho Tire v. Carmichael*, 526 U.S. 137 (1999)). Finally, the Seventh Circuit warned that when a court "unduly scrutinizes the quality of the expert's data and conclusions rather than the reliability of the methodology the expert employed," it "usurps the role of the jury." *Id.* at 806 (citations omitted).

### III.   Conclusion

The Plaintiff's cases cited in his Motion in Limine are not relevant. They all deal with what the Courts call junk science. None of those cases deal with expert's opinions in the realm of "use of force", which traces back to self-defense taught by medieval Tibetan Buddhist monks up to more recent hand combat/non-weapon training for our U.S. military and our domestic police officers, to deal with assailants for non-lethal responses.

Nowhere in the expert's report is there any misleading or inflammatory information. The documents relied upon by the expert are the very same documents which the Plaintiff has proposed to utilize as exhibits at trial, i.e. records relating to Plaintiff's conduct when he was transported to Reid Hospital because he fell on his face at his home. Thus, it is non-sensical for the Plaintiff to claim that the expert report's reliance on that exhibit information requires a Motion in Limine

which would prevent the defense expert, Steven Guthrie, from testifying about or referring to the Plaintiff's <u>own</u> exhibits.

Therefore, the Defendant respectfully pray that Plaintiff's Motion in Limine be denied and that the expert report and the expert's testimony not be limited to in scope as requested by the Plaintiff.  Nothing prevents Plaintiff's counsel to cross-examine Guthrie and attempt to convince the jury that the expert's findings should be ignored.

Respectfully Submitted,

*/s/Kenneth Collier-Magar*
Kenneth Collier-Magar
*Attorney for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was filed with the Court and served upon the

following parties and counsel of record by operation of the Court's electronic filing system on this

4th day of December 2015:


Matthew L. McDaniel, Esq.
matthew@mcdaniellaw.net



                                        /s/Kenneth Collier-Magar
                                        Kenneth Collier-Magar
                                        Kenneth@cmrlawfirm.com


LAW OFFICES OF COLLIER-MAGAR, P.C.
211 South Ritter Avenue, Suite C
Indianapolis, Indiana 46219
Phone: (317) 261-1885
Fax: (317) 261-1887