UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| GEORGE PAT ALTIZER, et al., ) | |
| ) | |
|    Plaintiffs, ) | |
| ) | |
|    vs. ) | Cause No.  1:14-cv-31-WTL-TAB |
| ) | |
| JOHN ROBERT RETHERFORD, et al. ) | |
| ) | |
|    Defendants. ) | |

### ENTRY ON PLAINTIFF'S MOTION IN LIMINE

This cause is before the Court on the Plaintiff's Motion in Limine (Dkt. No. 50). The Defendant has filed a response in opposition (Dkt. No. 57). The Court, being duly advised, **GRANTS** the motion for the reasons and to the extent set forth below.

The Plaintiff moves "in limine to strike the Defendant's Expert Report . . . in whole or in part" and "requests that neither the Defendant nor Defendant's expert witness . . . be permitted to testify to matters pertaining to the affected portions of the Expert Report." (Dkt. No. 50 at 1). At the outset, the Court notes that an expert report is not a proper exhibit -- it is a discovery tool-- , and the report itself will not be admitted into evidence and thus there is no need to strike it.

Turning to possible testimony regarding the contents of the report, the Defendant's designated expert, Steven Guthrie, offers the following opinion:

> Based on this review, I have concluded that all the Law Enforcement Officers involved in the incident: Officer John Robert Retherford, Officer Heather Edwards and Officer Charles Irvin [sic] application of force was justified and reasonable in terms of what I understand to be the circumstantial factors both known and unknown[1] to them at the time of their encounter with George Pat Altizer on November 14, 2012 at 848 SW A Street, Richmond, IN, 47374, enroute

---

[1] The Court notes that the determination of whether an officer acted reasonably depends on what the officer knew at the time he made the decision to use force. *See, e.g.*, *Wilson v. City of Chicago*, 758 F.3d 875, 884 (7th Cir. 2014).

>and at Reid Hospital. . . 1100 Reid Parkway, Richmond, IN 47374 and at Wayne County Jail.

Dkt. No. 50-2 at 4. The Seventh Circuit prohibits an expert from testifying as to whether an officer used excessive force in a specific case. In *Thompson v. City of Chicago*, the Seventh Circuit held:

>[T]he question of whether a police officer has used excessive force in arresting a suspect is a fact-intensive inquiry turning on the reasonableness of the particular officer's actions in light of the particular facts and circumstances of the situation faced. What is reasonable under any particular set of facts is not capable of precise definition or mechanical application. Accordingly, whatever insight Inspector Lukas and Sgt. Campbell might have had into whether or why Officer Hespe used excessive force would have been of little value except as to possibly causing confusion and bore a substantial risk of prejudice. The jury, after having heard all of the evidence presented, was in as good a position as the experts to judge whether the force used by the officers to subdue Thompson was objectively reasonable given the circumstances in this case. Introducing two experts to testify that Officer Hespe used excessive force would have induced the jurors to substitute their own independent conclusions for that of the experts. In other words, they would have been induced to decide the case on an improper basis rather than on the evidence presented, which is precisely why the evidence should have been excluded.

472 F.3d 444, 457-58 (7th Cir. 2006) (internal quotation marks and citations omitted). Accordingly, Mr. Guthrie may not testify as to his understanding of the specific facts of this case or his beliefs about the reasonableness of force used by Officer Retherford.

Mr. Guthrie may offer his expert opinion on the use of police force in general. The Seventh Circuit has found such testimony to be proper:

>On appeal Cacciola first challenges the three evidentiary rulings. He begins with the decision to allow Special Agent Wolf to testify about use-of-force practices. Cacciola accepts Wolf's credentials and the helpfulness of his expert testimony. But he argues that Wolf went too far by intimating an opinion on the ultimate issue of reasonable force and bolstering McFall's credibility. He is incorrect. First, an opinion is not objectionable just because it embraces an ultimate issue to be decided by the jury. Second, in this case, Wolf merely explained the proper uses of force, which is permissible. He spoke about proper police practices, and the factors relevant to the hypothetical uses of force, without applying them to Cacciola's case. Moreover, the testimony could have bolstered Cacciola's case as much as McFall's: Wolf opined that an officer striking the back of a suspect's

> head who is lying on his stomach and non-combative (as Cacciola testified he was) would not be appropriate. The jury still had to decide whether to believe Cacciola or McFall. With these limits in place, the district court committed no error.

*Cacciola v. McFall*, 561 Fed. App'x 535, 537-38 (7th Cir. 2014) (internal quotation marks and citations omitted); *see also Kladis v. Brezek*, 823 F.2d 1014, 1019 (7th Cir. 1987) (affirming a district court's decision to allow a police expert to testify as to the proper level of force to be used by police in various situations).

As such, the Court **GRANTS** the Plaintiff's Motion in Limine (Dkt. No. 50) to the extent set forth above. Any testimony by Steven Guthrie shall be limited to those opinions contained in his expert report regarding the use of police force in general.

SO ORDERED: 12/16/15

_William T. Lawrence_

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Copies to all counsel of record via electronic communication