UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| GEORGE PAT ALTIZER, et al., ) | |
| ) | |
|   Plaintiffs, ) | |
| ) | |
|   vs. ) | Cause No. 1:14-cv-31-WTL-TAB |
| ) | |
| JOHN ROBERT RETHERFORD, et al. ) | |
| ) | |
|   Defendants. ) | |

## ENTRY ON POST-TRIAL MOTIONS

This cause is before the Court on Defendant John Robert Retherford's Motion for Judgment Notwithstanding the Verdict and/or in the Alternative a New Trial and/or Remittitur (Dkt. No. 74); the Plaintiff's motion to toll time (Dkt. No. 78); and Plaintiff George Pat Altizer's motion for prejudgment and postjudgment interest (Dkt. No. 80). The Plaintiff filed a response to the Defendant's motion (Dkt. No. 77), and the Defendant filed a response to the Plaintiff's motion for prejudgment and postjudgment interest (Dkt. No. 82). Being duly advised, the Court rules as follows.

### I.  BACKGROUND

The jury rendered a verdict in favor of Plaintiff George Pat Altizer on his excessive force claim against Defendant John Robert Retherford and awarded damages in the amount of $200,000.00 in compensatory damages and $15,000.00 in punitive damages. (Dkt. No. 73).

### II.  DISCUSSION

#### A. Defendant's Motion

The Defendant moves for judgment notwithstanding the verdict, a new trial, or remittitur. When ruling on a Rule 50 motion for judgment as a matter of law following a jury verdict, the

Court does not re-weigh the evidence presented at trial or make credibility determinations. *See Reeves v. Sanderson Plumbing Prods.*, 530 U.S. 133, 150 (2000); Fed. R. Civ. P. 50(b). The Court views the evidence and all reasonable inferences in the light most favorable to the prevailing party. *See Reeves*, 530 U.S. at 150–51; *Erickson v. Wis. Dep't of Corr.*, 469 F.3d 600, 601 (7th Cir. 2006). A court will overturn the jury's verdict only if no reasonable juror could have found in the non-moving party's favor. *See Erickson*, 469 F.3d at 601. "This is obviously a difficult standard to meet." *Waite v. Bd. of Trs. of Ill. Cmty. Coll. Dist. 508*, 408 F.3d 339, 343 (7th Cir. 2005).

Here, viewing the evidence and all reasonable inferences in the light most favorable to the prevailing party, it is not the case that no reasonable juror could have found in the Plaintiff's favor. The testimony presented at trial established that the Defendant struck the Plaintiff, who was restrained on a gurney, in the face several times, breaking bones and causing great pain. A reasonable jury could have determined that the force used by the Defendant was objectively unreasonable under the circumstances. As such, the Court will not overturn the jury's verdict.

The decision to grant a new trial pursuant to Rule 59(a) is committed to the Court's discretion. *Johnson v. Gen. Bd. of Pension & Health Benefits of United Methodist Church*, 733 F.3d 722, 730 (7th Cir. 2013). A court will only order a new trial "if the jury's verdict is against the manifest weight of the evidence, or if for other reasons the trial was not fair to the moving party." *Willis v. Lepine*, 687 F.3d 826, 836 (7th Cir. 2012) (alteration omitted) (citation omitted) (internal quotation marks omitted). This is a difficult burden for Defendants to meet. *See Alverio v. Sam's Warehouse Club, Inc.*, 253 F.3d 933, 939 (7th Cir. 2001). A "mere scintilla" of evidence is not sufficient to sustain a verdict, but the Court should not substitute its view of the contested evidence in place of the jury's determination. *Filipovich v. K & R Express Sys., Inc.*,

391 F.3d 859, 863 (7th Cir. 2004). If, viewing the evidence in the light most favorable to the prevailing party, there exists within the record any reasonable basis to support the verdict, the Court will not set aside a jury verdict. *Kapelanski v. Johnson*, 390 F.3d 525, 530 (7th Cir. 2004) (citation omitted). Issues of credibility and weight of evidence must be left to the jury. *Id.*; *see also Turner v. Miller*, 301 F.3d 599, 602 (7th Cir. 2002) (the test is whether "no rational juror could have found for the prevailing party").

The jury's verdict was not against the manifest weight of the evidence, nor has the Defendant identified reasons that the trial was not fair to him. Again, viewing the evidence in the light most favorable to the Plaintiff, there is a reasonable basis to support the jury's verdict, and the Court will not set it aside.

In considering a motion for remittitur, the jury's verdict must be given "proper deference." *Farfaras v. Citizens Bank & Trust of Chicago*, 433 F.3d 558, 566 (7th Cir. 2006). A court considers the following factors: "whether (1) the award is monstrously excessive; (2) there is no rational connection between the award and the evidence, indicating that it is merely a product of the jury's fevered imaginings or personal vendettas; and (3) whether the award is roughly comparable to awards made in similar cases." *Adams v. City of Chicago*, 798 F.3d 539, 543 (7th Cir. 2015) (citation and quotation omitted).

The Defendant argues that the jury could not reasonably have reached a verdict of $200,000 in compensatory damages and that such damages must have been based on speculation with no rational connection to the evidence.[1] The Court disagrees. The Plaintiff presented evidence regarding the pain and suffering he experienced as a result of the Defendant striking

---

[1] The Defendant also argues that he is entitled to qualified immunity. The Court already has ruled that he is not, and it declines to revisit its argument on this issue.

3

him in the face multiple times, fracturing several of the Plaintiff's bones. The Court declines to find that the award was monstrously excessive or that there was no rational connection between the award and the evidence. Further, the Plaintiff has pointed to similar cases in which roughly comparable awards have been made. As such, the Defendant's motion is denied.

### B. Motion to Toll Time

The Plaintiff filed a motion to toll time to file attorney's fees and costs motion pending a ruling on the Defendant's post-trial motions. (Dkt. No. 78). The Court **GRANTS** the motion. The Plaintiff shall file his motion for attorney's fees and costs within 14 days of the date of this Entry.

### C. Motion for Prejudgment and Postjudgment Interest

After judgment was entered on the jury verdict, the Plaintiff moved under Rule 59(e) to amend or correct the judgment to include an award of prejudgment and postjudgment interest. (Dkt. No. 80). The purpose of prejudgment interest is to provide a complete remedy; that is, to make whole a party who would have had access to the money had it not been for the actions of the other party. *West Virginia v. United States*, 479 U.S. 305, 310-11 n.2 (1987). Here, the compensatory damages were $200,000, but the evidence of lost wages was scant. Further, the verdict form, to which the Plaintiff did not object, did not break down the compensatory damages by type. Any portion of the award that was for lost wages was *de minimus*. Thus, the judgment does not represent an ascertainable sum of money to which the Plaintiff would have had access but for the Defendant's actions. As such, the Court declines to award prejudgment interest.

The Plaintiff is entitled to postjudgment interest pursuant to 28 U.S.C. § 1961, but the Judgment need not be amended to reflect that, nor need the Court expressly order postjudgment

interest: "[P]ostjudgment interest is awarded by automatic statutory provision. To expressly award postjudgment interest is superfluous." *Pace Commc'ns, Inc. v. Moonlight Design, Inc.*, 31 F.3d 587, 591 (7th Cir. 1994). As such, the Court **DENIES** the Plaintiff's motion for prejudgment and postjudgment interest.

### III.     CONCLUSION

For the foregoing reasons, the Defendant's Motion for Judgment Notwithstanding the Verdict and/or in the Alternative a New Trial and/or Remittitur (Dkt. No. 74) is **DENIED**; the Plaintiff's motion to toll time (Dkt. No. 78) is **GRANTED**; and the Plaintiff's motion for prejudgment and postjudgment interest (Dkt. No. 80) is **DENIED**.

**SO ORDERED: 8/31/16**

_William T Lawrence_

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Copies to all counsel of record via electronic communication